**Bailey F. GALLAHAR, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16344.**

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

James D. Bass, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Bailey F. Gallahar, hereinafter referred to as "defendant," was charged, tried and convicted in the District Court of Tulsa County of the offense of Driving While Intoxicated; his punishment was fixed at ten (10) days in the county jail and a fine of One Hundred ($100) Dollars, and from said Judgment and Sentence a timely appeal was perfected to this Court.

The parties stipulated to the statement of facts that was presented to the trial judge in a non-jury trial in lieu of the original transcript of proceedings. Highway patrolman, Jim Horn testified that on September 9, 1970, at approximately 1:50 A.M. he was parked near the Okmulgee Bee Line at a point a few miles south of Tulsa when he observed a 1968 Pontiac traveling in a northerly direction. That the roadway at said point is a four-lane divided highway with two lanes designated for north-bound traffic and two lanes for south-bound traffic. He observed the defendant's car weaving from lane to lane and started to follow the vehicle. He proceeded to stop the car because of the

weaving and after observing the defendant get out of the vehicle he formed the opinion that the defendant was under the influence of an alcoholic beverage. He placed the defendant under arrest for Driving While Intoxicated. The defendant was transported to the county jail wherein a breathalyzer test was given. The results of the test indicated that the defendant's blood alcohol concentration was 0.24% wt/vol.

The first proposition asserts that the arrest was a subterfuge and illegal and that the Court erred in overruling the motion to suppress the evidence. We have examined the authorities cited by the defendant and find them distinguishable from the case at bar. The evidence is uncontradicted that the officer observed the defendant weaving from lane to lane and was therefore justified in stopping the vehicle for a public offense committed in his presence. Title 22 O.S. § 196. We find this proposition to be without merit.

The final proposition contends that "since the arresting patrolman did not acquire any knowledge of the defendant's having consumed alcoholic beverages until after defendant's vehicle was stopped, the officer's arrest of defendant for 'Driving While Intoxicated' was unlawful since it was made for a past misdemeanor not committed within the presence of the arresting officer." We are of the opinion that this contention is patently frivolous. The arresting officer had not only the authority but the duty to stop the defendant's vehicle and upon observing the defendant's condition properly arrested the defendant for driving while intoxicated. To hold otherwise would prohibit an officer from arresting a drunk driver unless the officer personally observed the person consume alcoholic beverages to the extent of becoming intoxicated.

The Judgment and Sentence is accordingly Affirmed.

NIX and BRETT, JJ., concur.